**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

**In re:**
**PHILLIP ROADCAP,**　　　　　　　　　　**Chapter 7**
　　　　**Debtor.**　　　　　　　　　　　　**Case No. 17-51132**

**PHILLIP ROADCAP,**
　　　　**Movant,**

**v.**　　　　　　　　　　　　　　　　　**MOTION TO QUASH GARNISHMENT**
　　　　　　　　　　　　　　　　　　　**ECF Doc. No. 7**

**HARRISONBURG PRINTING AND GRAPHICS, LLC,**
**D/B/A CAMPBELL PRINT CENTER,**
　　　　**Respondent.**

## MEMORANDUM OPINION

Phillip Roadcap is a debtor in this Court. He filed a motion to quash a garnishment in favor of Harrisonburg Printing and Graphics, LLC, d/b/a Campbell Print Center ("Campbell"). ECF Doc. No. 7. Campbell has contested the motion to quash its garnishment. ECF Doc. No. 20.

The garnishment is an effort to enforce a judgment lien through levy upon certain sale proceeds currently held in an escrow account. Mr. Roadcap asserts that under Bankruptcy Code section 362(a), the garnishment is stayed. Mr. Roadcap further asserts that the garnishment attempts to attach to sale proceeds which Mr. Roadcap contends are exempt. Consequently, Mr. Roadcap asks this Court to quash the garnishment.

Campbell asserts that it has a valid judgment lien on the sale proceeds, that the lien had been perfected months before the bankruptcy, and that the stay should not affect an avoidance of its valid judgment lien. As such, Campbell argues it is inappropriate to quash the garnishment: if the debtor cannot assert an exemption in the proceeds, and the chapter 7 trustee has no interest in

the proceeds, then the Court should simply permit abandonment of the proceeds and allow Campbell to exercise its state law rights to enforce its judgment lien on the proceeds.

The rub in all this is whether the proceeds were held as tenants by the entireties as of the petition date. Campbell claims the tenancy was severed prepetition. Mr. Roadcap insists it was not.

Campbell describes the dispute as turning on the sole question of whether the proceeds were held as tenants by the entireties as of the petition date. If the proceeds were tenants by the entireties property, Campbell concedes its judgment lien did not attach to the proceeds. On the other hand, if the tenancy was severed, Campbell maintains that it has a valid, non-avoidable judgment lien on these proceeds and may enforce its lien without running afoul of bankruptcy law. For these reasons, Campbell urges this Court to deny Mr. Roadcap's motion to quash the garnishment.

Mr. Roadcap describes the dispute as twofold. One issue is whether the proceeds were held as tenants by the entireties as of the petition date and thus if Campbell's lien attached. The second issue is whether Campbell's failure to timely object to Mr. Roadcap's claim of exemption precludes its challenge at this juncture. If Campbell is too late to challenge the exemption, Mr. Roadcap contends he can quash the garnishment, assert his exemption, and discharge the indebtedness. The order quashing the garnishment will in effect avoid the judgment lien. The discharge order will enjoin Campbell from asserting a new judgment lien.

## FINDINGS OF FACT

Phillip Roadcap is married. Phillip Roadcap and his wife, Amanda Roadcap, previously owned real estate as tenants by the entireties. They sold the real estate. Long before they sold the property, the couple separated. Approximately a month before the sale, the couple entered into an

escrow agreement setting forth their agreement to hold the sale proceeds in escrow until either they entered into a property settlement agreement or received a divorce decree directing disbursement of the net proceeds of sale. After the sale, they deposited the sale proceeds with the escrow agent. Several months later, the couple entered into a separation and property settlement agreement[1] in anticipation of divorce.

Before all this, Campbell obtained a judgment against Mr. Roadcap. Shortly after the Roadcaps sold their property, Campbell took steps to enforce a judgment lien upon the sale proceeds held in escrow through a writ of *fieri facias* and service of a garnishment summons. Indeed the parties have stipulated that a writ of *fieri facias* was served on the sheriff, and that a garnishment summons was served upon the escrow agent within weeks of the sale and months prior to the property settlement agreement. The dispute centers on whether the tenancy severed so that Campbell's lien could attach.

## JURISDICTION

This Court has jurisdiction over Philip Roadcap (the debtor who filed this bankruptcy case) and Campbell (Mr. Roadcap's creditor who has participated in this bankruptcy case). The parties ask this Court to answer whether bankruptcy law permits Mr. Roadcap to quash a garnishment. The action explores the nature of a property interest, whether a lien attached to property, whether bankruptcy prevented attachment, and whether the bankruptcy debtor may exempt the property. To answer the questions in the action requires the Court to consider state law and bankruptcy law. The debtor brought this action before this Court in order for this Court to rule on the action; the debtor evidently consents to this Court's authority to issue a final ruling. At the hearing on this

---

[1] Mr. Roadcap, by counsel, attached a copy of the Separation and Property Settlement Agreement as an exhibit to his memorandum of facts and law. *See* ECF Doc. No. 25. The exhibit is available on the Court's docket as docket number 25-1. Citations to this exhibit will be referred to as "PSA."

matter, Campbell, through counsel, expressly consented to this Court rendering a final judgment on these questions. *See* Tr. at 18, ECF Doc. 30. For these reasons, this Court finds to the extent the action before the Court is non-core but related to the bankruptcy, the parties have consented to permit this Court to issue a final ruling on this motion. *See* 28 U.S.C. § 157(c)(2); *see Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1939 (2015).

## CONCLUSIONS OF LAW

*Was the tenancy severed?*

In Virginia, an estate owned as tenants by the entireties renders the property immune from claims by creditors against either husband or wife alone. *Vasilion v. Vasilion*, 66 S.E.2d 599, 600 (Va. 1951). While a voluntary sale of real estate that a husband and wife owned as tenants by the entireties terminates an estate in that property, a tenancy by the entireties remains in the proceeds from the sale of such property in the absence of an agreement or understanding to the contrary. *Oliver v. Givens*, 129 S.E.2d 661, 663 (Va. 1963). "If there is an agreement or an understanding between the parties to sever the entireties tenancy upon the sale of the real property, then under Virginia law the proceeds from the sale will not be held by the entireties." *Phillips v. McCullen (In re McCullen)*, 244 B.R. 73, 77 (Bankr. E.D. Va. 1999). To find an agreement or other indicia of the parties' intent to sever such a tenancy upon the sale of the estate, a court must determine if there is an indication of an intent of the spouses "to change the character of the proceeds derived from the sale of the property." *Id.* (citing *Sprouse v. Griffin*, 458 S.E.2d 770, 773 (Va. 1995)).

Philip and Amanda Roadcap entered into an escrow agreement to hold the proceeds from sale of their real estate until they entered into a property settlement agreement or received a divorce decree directing disbursement of the net proceeds from sale, whichever was earlier. Subsequently they entered into a property settlement agreement which addressed the disposition of the proceeds

from the sale.  Under the property settlement agreement, the parties acknowledge that Phillip Roadcap owes arrearages for spousal support and for child support.  The parties agree that "[t]he spousal support arrearage of $19,083.65 and child support arrearage of $10,272.26 . . . shall be paid from Phil's share of the marital funds held in escrow . . . (from the sale of the former marital home) and therefore discharged."  PSA, § 3.  The property settlement agreement also recognizes the escrow agreement and how "Phil's share of the escrow account shall be paid as provided in Paragraph #3 and the remaining balance shall be paid to Amanda."  PSA, § 12.

This Court finds the terms of the escrow agreement evidence an intent to sever the tenancy and the terms of the property settlement agreement evidence the agreement of the parties to change the character of the proceeds from tenants by the entireties (an indivisible whole) to tenants in common (an agreed upon split or division of the whole).  The two documents together show not only that the parties intended to end the tenancy by the entireties (they wish to end their marriage and intend to divide the marital property into separate property) but also show that they agreed on how they will divide the property.  The Court finds the calculation of "Phil's share" in the amount of $29,355.91 can only occur once the proceeds are divided into share values agreed upon by the parties.  This means that the parties did not demonstrate an intent to retain the tenancy and transfer its proceeds from husband and wife to Amanda in full, but rather intended to first use the proceeds to pay an obligation to Amanda's parents[2] and then to split the balance equally rendering $29,355.91 owed to each (Phil and Amanda).  In this way, Phil and Amanda were able to agree that Phil's proceeds in the amount of $29,355.91 could be used to credit his child support and spousal support arrearages.  These facts show that at the moment Phil and Amanda signed the

---

[2] The PSA describes the agreement of the parties to use the sale proceeds in part to satisfy a loan, "evidenced by a written promissory Note signed contemporaneously with receipt of the proceeds of the loan," from Amanda's parents "to halt the foreclosure sale of the property."  PSA, § 12.

property settlement agreement, they had agreed to change the character of the proceeds from tenants by the entireties to separate shares. At this moment of agreement, Phil had an interest in his separate share, and Amanda had an interest in her separate share. For all of these reasons, the Court concludes the tenancy by the entireties severed at the time Phillip and Amanda Roadcap signed the property settlement agreement.

At the time that Phillip and Amanda Roadcap signed the property settlement agreement, the garnishment summons had been served on the escrow agent holding these proceeds. Consequently, at the time the tenancy severed, Campbell's judgment lien attached to Phil's interest in the proceeds.

*May Mr. Roadcap exempt the sale proceeds?*

Campbell contends that once the judgment lien attached, Mr. Roadcap lost *any* right to the proceeds. In other words, the sale proceeds became property of the judgment creditor and the debtor lost any interest or claim to the property. This argument, however, ignores Mr. Roadcap's rights to assert defenses to the attachment, challenge whether the attachment occurred, pay the judgment, or claim an exemption in the property. *See, e.g.*, Va. Code Ann. § 34-17 (2018); *In re Underwood*, Case No. 18-70168, 2018 WL 2717045 (Bankr. W.D. Va. May 30, 2018) (holding that a debtor may claim an exemption until the state court orders payment of garnished funds to a creditor).

The parties have stipulated to some background facts. According to the stipulation, Campbell obtained a judgment. The first attempt to execute (that is, to assert the judgment lien and collect by enforcement of the lien) did not satisfy the judgment because, according to the stipulation, shortly after the garnishment summons was served on the escrow agent, the circuit court held a trial on entitlement to the proceeds. The trial was continued and not concluded.

Campbell served a second garnishment summons on the escrow agent. The second garnishment summons had a return date of August 8, 2017. On or before the return date, the Mr. Roadcap and his wife objected to the garnishment arguing that the proceeds were held as tenants by the entireties and not subject to the judgment lien against only Mr. Roadcap. The general district court judge agreed and dismissed the garnishment. Campbell appealed the general district court order to the circuit court. While the matter was pending at the circuit court, and before the circuit court decided the matter, the Mr. Roadcap filed his chapter 7 bankruptcy.

When Mr. Roadcap filed chapter 7, everything he owned or had an interest in became property of the estate. *See* 11 U.S.C. § 541. At the same time, absent exception, all actions against Mr. Roadcap, his property, or property of his estate became stayed. *See id.* § 362. It is because of this stay that Mr. Roadcap seeks to quash the garnishment action.

The automatic stay does indeed stop Campbell's collection action. Campbell seeks to collect on its judgment from property to which Mr. Roadcap claims an interest. The nature of Mr. Roadcap's interest in the property is the precise issue pending before the circuit court. Simply because Campbell believes it will prevail in the dispute before the circuit court does not erase Mr. Roadcap's interest in the property subject to the dispute as of the date of the bankruptcy petition.

Prior to the bankruptcy petition, the general district court dismissed the garnishment. Campbell appealed that ruling, but Mr. Roadcap filed bankruptcy before the circuit court determined if the judgment lien did attach. The circuit court has not yet ordered the funds paid to Campbell. For these reasons, this Court finds that, on the date he filed his bankruptcy petition, Mr. Roadcap had an interest in the proceeds. *See United States v. Harkins Builders, Inc.*, 45 F.3d 830, 833 (4th Cir. 1995) ("[B]y act of garnishment, the judgment creditor does not replace the judgment debtor as owner of the property, but merely has the right to hold the garnishee liable for

the *value* of that property."). The automatic stay prevented the state court from ordering delivery of the proceeds to Campbell. For these reasons, Mr. Roadcap has not lost his interest in the proceeds which also means that when he filed his bankruptcy petition, Mr. Roadcap was free to claim an exemption in his interest in the proceeds.

*Does the claim of exemption render the proceeds protected as tenants by the entireties property?*

Because Mr. Roadcap claimed his interest as exempt property held as tenants by the entireties and no one timely challenged it, Mr. Roadcap removed his interest from the bankruptcy estate. *See* 11 U.S.C. § 522(*l*) (" Unless a party in interest objects, the property claimed as exempt on such list is exempt."). The failure to timely object to the claim of exemption barred his chapter 7 trustee and creditors from challenging the act to remove the asset from administration in the bankruptcy case. *Id.* The act did not, however, confer a property interest, or convert a property interest, under non-bankruptcy law.[3] It merely prevented the bankruptcy trustee from liquidating the asset. If Mr. Roadcap's interest in the proceeds was as a tenant in common under Virginia law, the fact that Mr. Roadcap successfully prevented his bankruptcy trustee from administering the interest did not convert the interest from tenant in common to tenant by the entireties.

*Does Mr. Roadcap's claim of homestead exemption in the proceeds protect the proceeds from the judgment lien?*

As stated above, as of the bankruptcy, Mr. Roadcap had an interest in the proceeds. Prior to the bankruptcy, Mr. Roadcap preserved his interest by timely claiming an exemption in the proceeds. Campbell challenged the exemption, and the state circuit court had not ruled on the

---

[3] *Butner v. United States*, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.").

challenge when Mr. Roadcap filed his bankruptcy case. As of the date of the bankruptcy, no funds had been turned over to Campbell.

Upon filing the bankruptcy case, Mr. Roadcap timely claimed an exemption in proceeds through his Schedule C filed with his bankruptcy petition. Mr. Roadcap claimed the proceeds in the amount of $29,000 exempt as tenants by the entireties property, and also claimed an exemption in the proceeds under Virginia Code § 34-4 ("homestead exemption") up to the value of $3000. As the Court has already ruled, the claim of exemption as tenants by the entireties in the bankruptcy case did not convert the property from tenants in common to tenants by the entireties which means the claim of tenants by entireties exemption in the bankruptcy case is ineffective as a means to protect the property from Campbell's judgment lien. On the other hand, Mr. Roadcap has timely claimed in his bankruptcy case a homestead exemption up to $3000 in the sale proceeds. *See* Va. Code § 34-17; 11 U.S.C. § 522. Mr. Roadcap's claim of a homestead exemption is effective to protect the exempt property from Campbell's judgment lien because under non-bankruptcy law, Campbell's lien attached subject to Mr. Roadcap's right to claim an exemption.

Because Mr. Roadcap has timely claimed a homestead exemption in the sale proceeds, he may protect those proceeds from the garnishment summons. In other words, he may protect as exempt property the value of $3000 of the sale proceeds.

*Conclusion*

Mr. Roadcap had an interest in the sale proceeds when he filed bankruptcy. The automatic stay stopped creditor process against those proceeds. Campbell had a judgment against Mr. Roadcap and attempted to execute a judgment lien on the sale proceeds. Before the bankruptcy, the sale proceeds lost their character as tenants by the entireties property. When that happened, Campbell's judgment lien attached to the sale proceeds, subject to Mr. Roadcap's ability to exempt

the proceeds. Mr. Roadcap timely claimed in his bankruptcy case a homestead exemption in the amount of $3000 in the sale proceeds. Because the lien is valid as to nonexempt property, the lien will survive the bankruptcy. Once the stay terminates, Campbell may exercise its state law remedies as to the sale proceeds, except to the extent of the exemption. Putting it all together, Mr. Roadcap may protect $3000 of the sale proceeds and Campbell may exercise its interest in the balance of Mr. Roadcap's interest in the proceeds up to the amount of its judgment.

For these reasons, the Court denies in part and grants in part the motion to quash the garnishment. The Court will issue a separate order based on the conclusions in this opinion.

A copy of this Memorandum Opinion shall be provided to the debtor, debtor's counsel, the chapter 7 trustee, and Harrisonburg Printing & Graphics, LLC, c/o Dale A. Davenport, Hoover Penrod, PLC, 342 S. Main Street, Harrisonburg, VA 22801.

Entered: 8/23/2018

_____
United States Bankruptcy Judge
Rebecca B. Connelly